### Eli T. Cook vs. Andrew J. Madden.

Gunby, J. Under the eighth paragraph of C. P. 275, to obtain a sequestration, plaintiff is required to swear that he fears that defendant will part with or dispose of the property during the pendency of the suit—but if he uses in his affidavit the word " may " instead of " will," that is, swears that he fears defendant " may part with, etc.," the affidavit is sufficient; the words " may " and " will," used in such connection, are synonymous, according to lexicography, and are so used by the legislature. C. P. 275, 298; 14 An. 36; 25 An. 500.

### H. Labaum vs. J. W. Allen. N. Burgess and W. F. Ashley, Intervenors.

Gunby, J. It is well settled that a party cannot claim by intervention a privilege on property, which has been sequestered, after it is released on bond. 23 An. 751; 25 An. 353; 27 An. 239; 28 An. 792, 863.

2. Where the only proof offered by intervenor of the amount and character of his claim consists of the admissions of defendant, such evidence will not bind plaintiff, and no judgment can be rendered in favor of intervenor which will affect plaintiff's rights against defendant; the contest between plaintiff and intervenor is precisely the same as if defendant was no party to the suit and, hence, defendant's admissions are hearsay as against plaintiff.

3. Where property is fraudulently removed from leased premises to prevent its seizure for rent, and said property belongs to a third person who is not shown to have had any passive or active connection with the removal, a provisional seizure of the property off the leased premises by the lessor will not be maintained; otherwise, if the owner had anything to do with the removal.

4. Where the property seized off the leased premises had been worked thereon for two years, and the lessor had good reason to believe that the same belonged to the lessor, no damages will be allowed to the owner for its seizure.